## DOUDS v. LOCAL 24368, UNITED WIRE AND METAL WORKERS UNION, A. F. L.

United States District Court
S. D. New York.
Aug. 3, 1949.

James V. Constantine, Washington, D. C., and Vincent M. Rotolo, New York City, for petitioner.

Henry Brickman, New York City, for respondent.

Maxwell Ross, New York City, for Abko Products, Inc.

RYAN, District Judge.

A petition has been filed by the National Labor Relations Board pursuant to Section 10(l) of the National Labor Relations Act, as amended, 61 Stat. 136 et seq., 29 U.S. C.A. § 151 et seq., for an injunction enjoining and restraining respondent, Local 24368, United Wire and Metal Workers Union, A.F.L., from engaging and continuing to engage in unfair labor practices within the meaning of Section 8(b) (4) (C) of the Act, pending the final adjudication of charges filed by Abko Products, Inc., the employer, charging respondent union with such unfair labor practices.

The matter comes on to be heard by a rule to show cause obtained by the Board. The respondent has answered the petition and filed opposing affidavits. Testimony has been received from witnesses produced and examined by both petitioner and respondent; counsel for the charging party, the employer, has also been heard.

Petitioner is the Regional Director of the Second Region of the National Labor Relations Board, and duly filed the petition herein on behalf of the Board.

Respondent "Local 24368" is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act; this Union has and maintains its principal place of business within this district and is now engaged within this district in promoting and protecting the interests of its employee members.

Jurisdiction over this proceeding is conferred on this court by Section 10(l) of the Act.

Abko Products, Inc., is a New York corporation, engaged in the County of Kings, New York City, in the manufacture of steel utility cabinets for household kitchen use; it is engaged in interstate commerce and the alleged unfair labor practices hereinafter set forth affect such commerce.

On or about February 16 and March 10, 1949 Local 365, United Automobile Workers of America, UAW-CIO, pursuant to Section 9 of the Act, filed with the Board a petition and an amended petition for certification by the Board of a collective bargaining representative for the production, maintenance, shipping and receiving employees of Abko.

On May 29, 1949, the Board directed that such election be had and that it be conducted by secret ballot among the said employees. Pursuant to such direction, on June 17, 1949 the election was duly held; at this election the majority of those eligible to vote designated and selected Local 365 as their bargaining representative. The Board, on June 27, 1949, duly certified the said Local 365 as such representative.

Before the election was held a representative of Local 365 called at the office of the Board and requested that the order for the

election be voided and the election be held in abeyance. This request was not in writing and the Board did not act upon it.

On June 22, 1949 before the Board issued certification to Local 365 as the collective bargaining representative of the employees, this union and respondent signed and executed a paper reading as follows:

"Agreement made this 22 day of June, 1949 by and between Local #365, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (hereinafter referred to as Local 365, UAW-CIO), and United Wire and Metal Workers' Federal Union, Local Number 24368, American Federation of Labor.

"1. Local 365, UAW-CIO hereby waives all claim to be or to become bargaining agent for the employees of Abko Products, Inc., of 1631 63rd Street, Brooklyn, New York, in favor of United Wire and Metal Workers' Federal Union, Local Number 24368, American Federation of Labor.

"2. United Wire and Metal Workers' Federal Union, Local Number 24368, American Federation of Labor, accepts said waiver and undertakes and agrees to act as bargaining agent for said employees."

Thereafter, on June 29, 1949, two days after the certification of Local 365, twenty-five employees of Abko constituting with one or two exceptions the entire body of employees signed a paper reading as follows:

"We, the undersigned employees of AB-KO, INC. ratify the assignment of bargaining representational rights of LOCAL 365, International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, to United Wire and Metal Workers Federal Labor Union, Local 24368, A. F. of L., or its assignee or successor:

"Dated, New York

"June 29, 1949."

On the hearing, petitioner conceded that if all the employees of Abko were called as witnesses they would testify ratifying this paper signed on June 29, and would express their approval of the so-called assignment of Local 365 and choose respondent Local 24368 as their bargaining representative.

Since the certification, representatives of Local 365 have not asserted their rights as collective bargaining agent for the employees here involved, nor have they attempted to negotiate a contract with the employer, except that they have on two or three occasions acted as intermediary for respondent, Local 24368, and attempted to induce the employer to bargain with the latter.

The employer Abko has refused to bargain with respondent Local 24368 or to recognize it as the bargaining agent of the employees, and as a result thereof respondent has declared a strike. Th employees have left their work and are now peacefully picketing the plant of the employer, but no attendant acts of violence are charged. The documents of June 22, 1949 signed by both unions and of June 29, 1949 signed by the employees were filed with the Board on July 9, 1949.

The court is now informed that the Board will require approximately "a few weeks" before the application of respondent Local 24368 for reconsideration of the certification of Local 365 as collective bargaining agent can be brought on for hearing and a decision made by the Board as to whether the election of June 17, 1949 should be set aside.

It is claimed that unless the injunction is issued both the charging party and the general public will suffer substantial and irreparable injury.

The employer Abko is now completing a contract for the manufacture of ornamental metal fronts to be installed under and in front of kitchen sinks, in apartments of a New York City Housing Project at South Beach, Staten Island, now nearing completion. The contract of Abko with the general contractor who is building the apartments provides for the installation of these fronts within a few weeks. (This contract is not before the court.)

Judicial notice is taken of the scarcity of housing accommodations in New York City, of the urgency of the situation and the pressing need for the early com-

pletion of these apartments. The ornamental fronts which Abko is manufacturing are not, however, a necessary part of the plumbing and required fixtures of the apartments. Their absence will not render the apartments untenantable. They may be occupied without them and while desirable they are not essential, and may with slight if any additional expense and inconvenience be installed after occupancy and after the kitchen floors have been laid. This evidence falls short of convincing us that an injunction is necessary or proper to prevent delay in the completion, delivery and installation of these sink fronts.

■ The agreement of June 22, 1949 between the two locals is void and of no effect. A certified group may neither lawfully delegate nor assign its authority to act as bargaining agent. To permit this would be to give approval to the substitution of another for one who has been chosen by secret ballot to act in a capacity of trust and confidence. Nor does the written consent and approval of the employees of Abko impart any validity or sanctity to such an agreement. Certified collective bargaining agents are required to be chosen as Congress has provided, in specially supervised elections and by secret ballot only. The freedom of choice and election by an employee is lost when he is requested to openly and publicly sign a consent of the type here submitted. Collective bargaining agents may not be designated in this fashion.

It is conceded that respondent Local 24368 has duly complied with the requirements of Section 9(f) and (h) of the Act. No question is raised by the Board as to its right to qualify or to receive certification as bargaining agent, if an election should result in its selection. Local 365 has not functioned as an agent of the employees; it has affirmatively expressed in writing an intention not to do so; it has approved of Local 24368 carrying out its obligations. The Board was advised of this prior to the election. There is no evidence that this position was not the free choice of Local 365 and those in charge of the management of its affairs.

The problem then is whether on these facts an injunction should issue.

■ It has long been the policy of the United States that the promotion and establishment of peaceful industrial relations can best be secured and preserved by resort to conference and bargaining between employers and employees themselves if possible, assisted by the mediation of duly created government agencies when necessary. Resort to judicial process and intervention of courts, with attendant orders, injunctions and decrees should not ordinarily be had until and unless other reasonable means have failed.

■ Congress by Section 10(l) of the Act has limited and prescribed the power of a district court to grant injunctive relief, only in those cases where such relief is just and proper. An injunction here would be neither just nor proper. It seems that the matter here presented is one purely for administrative solution. The petitioner has ample facilities at its command to quickly and fairly determine the merits of the claims here asserted by respondent. It is its responsibility to settle these matters promptly. The situation would not have arisen, if when the matter was informally called to its attention on June 15, 1949 appropriate steps had been taken.

The evidence shows that meetings of the employer with the representatives of both unions here were had on several occasions in the rear room of taverns. The choice of such a meeting place is not conducive to peaceful negotiation or fair representation. It seems that a more appropriate site might have been selected.

The application for an injunction is denied.