**Ross M. MADDEN, Regional Director of the Thirteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Plaintiff-Appellant,**

v.

**INTERNATIONAL ORGANIZATION OF MASTERS AND PILOTS, INC., AFL-CIO, et al., Defendants-Appellees.**

**No. 12428.**

United States Court of Appeals Seventh Circuit.

Oct. 2, 1958.

---

3. The trial court made no finding on the question and the defendant made no request for such a finding.

298

Winthrop A. Johns, Asst. General Counsel, National Labor Relations Board, Washington, D. C., for appellant.

Mozart G. Ratner, Chicago, Ill., for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

On August 28, 1958 Ross M. Madden, Regional Director of the Thirteenth Region of the National Labor Relations Board, pressed an "emergency" motion in our court, asking in substance, for a temporary order restraining Local 28, International Organization of Masters, Mates and Pilots, Inc., AFL-CIO; Associated Maritime Workers Local 3, International Organization of Masters, Mates and Pilots, Inc., AFL-CIO; their officers, representatives, et al., from engaging in picketing at or in the vicinity of the Texas Company. Earlier in August, this Director filed a petition in the District Court for such relief and a temporary restraining order was entered by Judge Knoch, then sitting in the District Court.

A short time after that order was entered, respondents sought a subpoena for the Director's appearance, coupled with a subpoena *duces tecum*, requiring him to testify concerning the preliminary investigation alleged in the petition to have been conducted by him and under his supervision. He declined to produce his files and refused to testify concerning conduct of the preliminary investigation required by § 10(*l*) of the National Labor Relations Act, 61 Stat. 136, 29 U.S.C. § 141 et seq. Judge Perry, before whom this second phase of the case was developed then dismissed, on

August 26, 1958, the petition for injunctive relief, finding *inter alia:*

"1. Conduct by petitioner of a preliminary investigation of the amended charge as required by Section (10(*l*) of the Act and Section 101.4 of the NLRB's Statements of Procedure prior to filing a petition for injunction based thereon is a condition precedent to petitioner's right to file a petition and is a jurisdictional requirement compliance with which respondents are entitled to challenge and litigate in this proceeding. * * *

"2. Petitioner is not by law entitled to withhold evidence as to its compliance with said jurisdictional requirement in this proceeding in which petitioner is invoking the court's aid and seeking judicial relief.

"3. Petitioner's refusal to testify and produce the evidence required by the subpoena deprives respondents of opportunity to establish a relevant defense, by due process of law. * * * *"

On appeal from that order of August 26, 1958 a division of Judges, after hearing oral arguments entered an order, dated September 10, 1958 restraining the respondent Unions, until further order of this Court. About two weeks later an Associate General Counsel for the National Labor Relations Board filed a motion to dismiss the Director's appeal and vacate our injunction. We notice that this Counsel's name appears on the initial petition filed August 15, 1958 in the District Court. In any event, the attorney, of record for respondents consented in writing to this dismissal.

Now, Associate General Counsel for the Board, informs us by way of his motion to dismiss:

"Following the appeal in this case, however, and after entry of this Court's injunctive order of September 10, 1958, it has come to the attention of the General Counsel of the National Labor Relations Board, whose responsibility it is to conduct the litigation in proceedings of this kind, that the procedures prescribed for investigations of charges in Section 10(*l*) cases, as provided in the Board's published Statements of Procedure, were not in fact followed in this case in two respects. Thus, it was discovered that appellee Local 28 had not been requested 'to submit a written statement of its position,' before the petition was filed, nor had representatives of Local 28 been interviewed, both of which steps are provided for by Section 101.4 of the Board's Statements of Procedure.

"In view of the foregoing facts which have now come to light, it is believed that the interests of a fair and proper administration of the Act will best be served by a dismissal of the appeal herein. Such a dismissal, in the opinion of the Government, would not necessarily preclude the institution of a fresh Section 10(*l*) proceeding if new charges are filed alleging that the Unions have resumed picketing which is proscribed by Section 8(b)(4) of the Act."

■ It seems strange indeed that the Board and its Counsel only lately discovered the vital derelictions, of steps prescribed by the Board itself in its Statements of Procedure, confessed as error at this late date. We think it a striking coincidence that the Director vigorously resisted production of his files and records under the circumstances now brought to our attention. Plainly speaking the Director was not entitled at any time to equitable relief under the Act.

■ We think it well for the bench and bar to know that when the Board seeks relief under § 10(*l*) of the Act, it concedes it must comply with its own Statements of Procedure and an inquiry into such a showing may not be amiss.

The appeal is dismissed because this Court finds the Board failed to comply with its own procedures and not be-

cause counsel decided to take the case out of our hands.

Our restraining and enjoining, order heretofore entered on September 10, 1958 is hereby vacated, and the appeal dismissed with prejudice.