Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

LOCAL 239, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Respondent.

Civ. 20174.

United States District Court
E. D. New York.

Nov. 17, 1959.

Stuart Rothman, Gen. Counsel, Washington, D. C., for petitioner, by Jacques Schurre, Raymond J. Malloy, Washington, D. C., of counsel.

Katz & Wolchok, New York City, for respondent. Charles R. Katz, New York City, of counsel.

## BRUCHHAUSEN, Chief Judge.

The petitioner, Director of the National Labor Relations Board, hereinafter called the Board, seeks to temporarily enjoin the respondent, pending final disposition by the Board, from pursuing allegedly unfair labor practices against Stan-Jay Auto Parts and Accessories Corporation, hereinafter called Stan-Jay. The Board alleges violation by the respondent of Section 8(b) (4) (A) and (B) of the National Labor Relations Act, 29 U.S.C.A. § 158(b) (4) (A, B). Respondent denies the charges and interposes various defenses, dealt with later.

The facts are that Stan-Jay, a domestic corporation, a jobber engaged in the sale of auto accessories at Long Beach, New York, during the year of 1959 had sales in excess of $50,000; that on September 14, 1959, respondent attempted to organize the employees of Stan-Jay and to secure the employer's recognition of the respondent as its collective bargaining representative; that Stan-Jay refused; that on September 21, 1959, the respondent picketed Stan-Jay's premises; that Samuel Krieger and Max Sherman, the respondent's representatives, visited the said premises and demanded that Alan Jay as president of Stan-Jay enter into a contract or else be picketed, stating that the respondent, the Union, deals with the employer not the employees; that the contract was never signed; that the respondent commenced picketing the premises and that it caused a decline in business; that the respondent sought to dissuade employees of a number of service stations from consummating purchases at Stan-Jay and followed them to their places of employment, picketed those places and informed the employers that such picketing would continue until the employers gave assurance that they would discontinue dealing with Stan-Jay; that the employees were not requested to join the Union; that in all cases when such assurance was forthcoming, the pickets were forthwith withdrawn; that on September 22, 1959, three pickets appeared at the place of business of Franklin Garage; that they demanded that the owner cease doing business with Stan-Jay; that the pickets left as soon as they were assured that the owner would comply; and that in like fashion Savon-Sunoco Service was picketed approximately fifteen minutes for dealing with Stan-Jay.

Samuel Krieger testified that he was business representative of respondent; that his only conversation with these employers, other than Stan-Jay, was the problem of organizing Stan-Jay's employees, and to respect the picket line; that the respondent was engaged in organizing all service stations in Nassau and Westchester County, and, therefore,

all service stations were primary employers and not secondary employers.

The respondent contends that the petitioner failed to establish the conduct of a preliminary investigation, a jurisdictional requirement and cites the case of Madden v. International Organization of Masters & Pilots, Inc., 7 Cir., 259 F.2d 297. The court therein found that the petitioner failed to conduct such an investigation. However, in the case at bar, the petitioner made the required investigation. Witnesses were interviewed, subsequently produced in court and their testimony taken. The respondent's claim is not sustained. See Le Baron v. Kern County Farm Labor Union, D.C., 80 F.Supp. 151.

■ The respondent further argues that there is no showing of unlawful conduct on the part of the respondent nor need for emergency injunctive relief. For this proposition the respondent cites the case of Douds v. Local 24368, D.C., 86 F.Supp. 542. The Douds case, however, is inapplicable. The court therein held that an injunction would be unjust and improper in that the dispute presented was one purely for administrative solution. Section 10(*l*) of the aforesaid Act, 29 U.S.C.A. § 160(*l*) clearly states that "no temporary restraining order shall be issued without notice unless a petition alleges that substantial and irreparable injury to the charging party will be unavoidable." The petitioner herein moved on notice, and Section 10 (*l*) of the Act provides that if, after investigation, the Regional Director has reasonable cause to believe that there is a violation, the District Court may be petitioned and its sole function is to determine whether there is reasonable cause to believe that a violation of the Act has been committed and that equitable relief is just and proper. It has been held that the court is not required to make findings of truth or falsity. Douds v. Milk Drivers and Dairy Employees Union, 2 Cir., 248 F.2d 534.

■ The Board is exclusively vested with the authority to make final determination whether the charge is true or not, subject to review by the courts of appeal.

■ The respondent alleges that picketing in and of itself of the employers premises does not constitute unlawful inducement or encouragement. The petitioner herein does not seek to enjoin such picketing, but to enjoin the respondent from conducting unfair labor practices within the scope of Sections 8(b) (4) (A) and (4) (B) of the Act, which refers to forcing customers to cease doing business with Stan-Jay under threat of being picketed.

The respondent states that in reality the so-called secondary employers are primary employers. The respondent introduced at the hearing a circular to the effect that it intends to organize all service station employees in Nassau County. Therefore, it claims that such activities aimed at the employees of these so-called secondary employers makes them primary in nature and thus permissible. The testimony, however, clearly shows that the dispute is between Stan-Jay and the respondent. The customers of Stan-Jay were approached only after purchases were made from Stan-Jay and the testimony further was that Stan-Jay's customers, employer-owners of service stations were threatened with picket lines if they continued to do business with Stan-Jay. The employees of the various service stations were told not to do business with Stan-Jay, else trouble would be caused to their employers. These threats were immediately carried out by the picketing of these secondary employers. The pickets left after the employers agreed to cease doing business with Stan-Jay. It appears, therefore, that the customers of Stan-Jay were not primary employers but secondary employers, and that the respondent induced the employees of the secondary employers to engage in a concerted refusal to do business with Stan-Jay. The inference is that the respondent's methods were intended to force Stan-Jay to recognize the respondent as bargaining agent for its employees.

There is reasonable cause to believe that violations of the Act have been committed.

The petitioner's application for injunction is granted.